TRAXLER, Circuit Judge:
I respectfully dissent. In my view the district court correctly applied a two-year *569 limitations period to Semenova’s ADA claim, and I would affirm the district court’s dismissal of her complaint.
Because Title II of the ADA[1] does not contain a statute of limitations, courts “borrow the state statute of limitations that applies to the most analogous state-law claim.” A Society Without a Name v. Virginia, 655 F.3d 342, 347 (4th Cir. 2011). The reason courts adopt the statute governing the most analogous state-law cause of action is critical. The tradition “is based on a congressional decision to defer to ‘the State’s judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action.’ ” Hardin v. Straub, 490 U.S. 536, 538, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989) (quoting Wilson v. Garcia, 471 U.S. 261, 271, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)).
In my view, the Maryland legislature has expressed its judgment in very clear terms on the proper balance to be struck. Maryland statutory law provides private causes of action for many types of discrimination — including disability discrimination. In each case, the legislature has provided that the statute of limitations is two years. Indeed, claims made under several such Maryland statutes are closely analogous to Title II claims. See, e.g., Md. Code, State Gov’t §§ 20-705 — 20-707, 20-1035 (housing discrimination); Md. Code, State Gov’t §§ 20-606, 20-1009, 20-1013 (employment discrimination). Most analogous, in my view, however, are claims under § 20-1202 of Maryland’s State Government Code. That statute provides for private causes of action “for damages, injunctive relief, or other civil relief’ for violations of the anti-discrimination laws of Howard, Montgomery, and Prince George’s Counties, each of which prohibit discrimination — including disability discrimination— in places of public accommodation, see Howard Cty. Code § 12.210; Mont. Cty. Code §§ 27-10, 27-11; Prince George’s Cty. Code §§ 2-186, 2-220. The decision of the Maryland legislature that a two-year statute of limitations applies to such state-law actions leaves no doubt concerning what balance the Maryland legislature would strike regarding the appropriate limitations period for Title II actions.[2]
Semenova has not identified any difference between § 20-1202 claims and Title II claims that that would give us any reason to doubt that the Maryland legislature’s judgment regarding the proper limitations period for § 20-1202 claims would apply just as well to Title II actions. Indeed, Semenova’s only argument that § 20-1202 is not the most analogous cause of action is that the facts alleged in her complaint would not state a claim under § 20-1202, because the discrimination she alleged did not occur in one of the three counties to which § 20-1202 applies.[3] But this argu *570 ment misunderstands the role that § 20-1202 plays in our analysis. The similarity of a § 20-1202 cause of action to one brought under Title II matters because of what it reveals about the Maryland legislature’s judgment concerning the balance it favored regarding considerations of repose; it has nothing to do with the question of whether Semenova herself could have brought a § 20-1202 claim.
Furthermore, regarding the determination of the appropriate limitations period, it is unlikely Congress would have sanctioned a construction of the ADA under which the length of the statute of limitations would depend upon “an analysis of the particular facts of each claim,” as such an approach would “inevitably breed[ ] uncertainty and time-consuming litigation.” Wilson, 471 U.S. at 272,105 S.Ct. 1938; see id. at 272-75, 105 S.Ct. 1938. Rather, “[t]he federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored” a less fact-specific approach. Id. at 275,105 S.Ct. 1938.
Semenova argues that despite the obvious close similarities between Title II claims and those made under § 20-1202, the three-year statute governing general civil actions, § 5-101 of the Maryland Courts and Judicial Proceedings Code, actually provides a closer analogue. But we rejected a very similar argument in McCullough v. Branch Banking & Trust Co., 35 F.3d 127 (4th Cir. 1994). In that case, the plaintiff brought suit against his employer claiming that he was terminated because of his handicap in violation of § 504 of the Rehabilitation Act. See McCullough, 35 F.3d at 128. Like the ADA, the Rehabilitation Act provides no statute of limitations; thus, we were required to decide which state limitations period applied. See id. at 129. The employer favored the 180-day period applicable to claims under the North Carolina Handicapped Persons Protection Act (the “North Carolina Act”). See id. The plaintiff, on the other hand, preferred the three-year period generally applicable to wrongful-discharge actions. See id. at 131.
We agreed with the employer. See id. at 130-32. In so doing, we acknowledged that, for several reasons, the North Carolina Act was by no means a perfect analogue: (1) the North Carolina Act provides for a bench trial while the Rehabilitation allows for jury trials; (2) while the Rehabilitation Act allows for full compensatory and punitive damages, the North Carolina Act allows only injunctive relief and back pay; (3) the Rehabilitation Act, unlike the North Carolina Act, does not extend or base coverage upon receipt of state assistance; and (4) the Rehabilitation Act, unlike the North Carolina Act, does not require the employee to notify the employer of his or her disability and to make accommodation suggestions and cooperate in evaluating possible accommodations. See id. at 131.
Nevertheless, we rejected the plaintiffs argument that these distinctions kept the North Carolina Act from being the most closely analogous, explaining:
[Plaintiffs identification of the distinctions between the Rehabilitation Act and the North Carolina Act] begs the question of which North Carolina statute is most analogous to the Rehabilitation Act. The differences between the North Carolina Act and the Rehabilitation Act identified by McCullough do not, by themselves, magically tip the balance of similarities so as to make the general wrongful discharge provision more analogous to the Rehabilitation Act than the specific provisions of the North Carolina Act. It simply means that, in North Carolina, there is no perfect counterpart to the Rehabilitation Act, and we must de *571 termine which statute is more appropriate.
Id. at 132 (emphasis added). In the end, we held that, despite the differences the plaintiff had identified, the North Carolina Act was a better fit than the general wrongful-discharge statute because the North Carolina Act and the Rehabilitation Act both “redress discrimination against the same very specific group of persons,” whereas “the general wrongful discharge statute protects against a wide range of discrimination which, although including persons with disabilities, also encompasses many other classes of individuals.” Id.; see also Wolsky v. Medical Coll. Of Hampton Roads, 1 F.3d 222, 225 (4th Cir. 1993) (“[The Supreme Court] acknowledged that minor differences between state and federal statutes are acceptable and the most analogous statute need not be identical.”).
Similar reasons dictate that § 20-1202 claims are the closest analogue to claims brought under Title II.[4] It seems fairly plain to me that a statute creating a private right of action for illegal discrimination is a closer fit than a catchall statute governing all sorts of civil actions. And, the difference Semenova identifies between causes of action under § 20-1202 and those under Title II of the ADA — that § 20-1202 applies in only certain subdivisions of the relevant jurisdiction — is much less significant from the standpoint of applying the Maryland legislature’s limitations-period judgment than were the differences we considered in McCullough. Notwithstanding the fact that § 20-1202 applies only to three counties, the critical fact remains that victims of discrimination in those counties have a state-law cause of action under § 20-1202 that closely resembles a Title II claim, and the Maryland legislature has decided that a two-year limitations period applies to such actions. I believe that is the legislative judgment that should control here.
For all of the foregoing reasons, I respectfully dissent.[5]

. See Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131-12165.

. At oral argument, Semenova maintained that a cause of action under § 20-1202 could not possibly be the most analogous state-law cause of action because a § 20-1202 action must be based on the violation of county discrimination law. But it is hard to understand Semenova’s point. Section 20-1202 is a Maryland statute creating a Maryland cause of action aimed at providing redress for victims of disability discrimination that would not otherwise be available. See Edwards Sys. Tech. v, Corbin, 379 Md. 278, 841 A.2d 845, 857-58 (2004) (regarding statutory predecessor to § 20-1202). And it was the Maryland state legislature that decided that a two-year limitations period would apply to such actions. See Md. Code, State Gov't § 20-1202(c)(1).

.Maryland statutory law prohibits public-accommodations disability discrimination throughout the state, see Md. Code, State Gov't § 20-304, but does not provide for a private right of action for violation of this statewide ban.

. We have borrowed statutes of limitation from state-law anti-discrimination statutes in other cases brought under the ADA and Rehabilitation Act. See A Society Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011) (holding one-year limitations period set forth in Virginia Rights of Persons with Disabilities Act applies to Title II claims brought in Virginia); Wolsky v. Medical Coll. Of Hampton Roads, 1 F.3d 222, 224-25 (4th Cir. 1993) (holding same limitations period applies to Rehabilitation Act claims brought in Virginia).

. I would conclude, for the reasons explained in McCullough, that the two-year statute of limitations is consistent with the federal policies underlying the ADA. See McCullough v. Branch Banking & Trust Co., 35 F.3d 127, 131 (4th Cir, 1994). And I agree with the district court’s conclusion that Semenova's action is time-barred, assuming that a two-year limitations period applies.